IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS THOMPSON, # B-67474, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 12-cv-770-JPG |
| ) | |
| SAM NWAOBASI, M.D., ) | |
| MISTY PRICE ) | |
| LORI OAKLEY ) | |
| SARAH JOHNSON, ) | |
| K. CRISS, and ) | |
| WARDEN ATCHINSON, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a life sentence without parole imposed in 1994. Plaintiff's lengthy and often indecipherable pleadings appear to primarily address issues related to his obesity and his requests for a medical diagnosis or treatment by corrections officers other than that which has been rendered, i.e., to lose weight.

In support thereof, Plaintiff has submitted an 80 page complaint, including exhibits, consisting primarily of Plaintiff's medical records (Doc. 1, Ex. 1-4). The main portion of the complaint repeatedly directs the Court to the attached records which Plaintiff's complaint, on its face, states are illegible and which Plaintiff himself cannot read (Doc. 1, p. 6).

Case 3:12-cv-00770-MJR-PMF   Document 7   Filed 08/21/12   Page 2 of 3   Page ID #91

> Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1)[1] states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S. Ct. 193, 126 L. Ed. 2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.
>
> *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

Here, the Court finds that Plaintiff's complaint does *not* provide a short and plain statement of the claim; it requires the Court and Defendants "to forever sift through its pages" to determine which allegations are made against each Defendant. *Jennings*, 910 F.2d at 1436. Proceeding with this pleading renders it "difficult for . . . defendant[s] to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom*, 20 F.3d at 775-76. The Court will not be put in the position of deciphering for Plaintiff the very materials on which he rests his case.

Plaintiff's complaint (Doc. 1) hereby is **DISMISSED** for failure to comply with Rule 8's mandate of a "short and plain statement of the claim" sufficient to put defendants on notice of the claims against them. Dismissal is without prejudice, and Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in compliance with this Order on or before **September 21, 2012**. It is strongly recommended that Plaintiff use the form designed for use in

---

[1] Due to subsequent amendments to Rule 8, the requirement that a pleading be concise and direct is now found in Rule 8(d)(1), which states: "Each allegation must be simple, concise, and direct. No technical form is required."

this District for such actions. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and instructions.

The First Amended Complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors. Plaintiff is **ADVISED** to *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); s*ee generally* FED. R. CIV. P. 20(a)(2). In addition, at this stage of the litigation, exhibits and affidavits from third parties are unnecessary. *See* FED. R. CIV. P. 26-37. Therefore, Plaintiff should refrain from filing unnecessary exhibits or affidavits with the First Amended Complaint.

Any new complaint filed by Plaintiff that is not in strict compliance with this Order will be **STRICKEN**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a First Amended Complaint by September 21, 2012 in strict compliance with this Order, this case will be closed for failure to comply with an order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

IT IS SO ORDERED.

DATED: August 21, 2012

                                                *s/J. Phil Gilbert*
                                                United States District Judge