IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DENNIS THOMPSON, No. B67474,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO.  12-cv-00770-JPG |
| | ) | |
| **DR. SAM NWAOBASI,** | ) | |
| **MISTY PRICE,** | ) | |
| **LORI OAKLEY, and** | ) | |
| **WARDEN RICHARD HARRINGTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Dennis Thompson, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. [1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff mistakenly checked the box on the complaint form indicating that he was bring suit pursuant to 28 U.S.C. § 1331, which is applicable to federal prisoners, rather than Section 1983, which is applicable to state inmates.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

In his Second Amended Complaint (Doc. 23), Plaintiff generally contends that because he is grossly obese (weighing approximately 300 pounds), suffers from painful arthritis in his knee, neck and back, and also has a pinched nerve in his neck, being handcuffed behind his back is not just difficult and painful, it invites another injury. Plaintiff complained to Defendant Dr. Sam Nwaobasi, a physician at Menard, for approximately two years about being single cuffed, but Nwaobasi repeatedly denied Plaintiff's requests for a front or double cuff permit, "knee

2

sleeves" and a low bunk permit. Dr. Nwaobasi purportedly explained that he did not want to "promote laziness" and Plaintiff just needed to lose weight. More specifically, Plaintiff's January 6, 2012, request for a special cuff permit was denied, and on January 13, 2012, he reinjured his neck when he was single cuffed behind his back. After this injury, another physician issued Plaintiff a medical double cuff permit.

During the period he was attempting to secure a special cuff permit, knee sleeves and a low bunk permit from Dr. Nwaobasi, Plaintiff attempted to secure a remedy though the prison grievance system. His counselor, Defendant Misty Price, initially failed to respond to his grievances and then failed to forward Plaintiff's appeal of the denial of a grievance to the Grievance Officer, Defendant Lori Oakley. Oakley subsequently denied the grievance, deeming it untimely. From Plaintiff's perspective, Price and Oakley are just as much to blame for him reinjuring his neck as Dr. Nwaobasi, because they breached their administrative duties.

Plaintiff seeks monetary damages and injunctive relief. Relative to injunctive relief, Plaintiff requests that Warden Richard Harrington direct that: (1) Plaintiff be given permits for a low bunk, double mattress, medical pillow and knee sleeves; (2) prison staff be ordered not to recharge Plaintiff for future related sick-calls[2]; and (3) staff be properly trained regarding the proper handling of grievances.

The Second Amended Complaint sets forth three claims summarized below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

---

[2] The Court assumes that when he uses the term "recharge," Plaintiff is referring to the medical copayments inmates must make toward medical care.

3

> Count 1:   Dr. Sam Nwaobasi was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when he repeatedly denied Plaintiff a front or double cuff permit, knee sleeves and a low bunk permit;
>
> Count 2:   Counselor Misty Price and Grievance Officer Lori Oakley denied Plaintiff due process in violation of the Fourteenth Amendment when they did not properly respond to and/or process his administrative grievance(s); and
>
> Count 3:   Injunctive relief is sought from Warden Richard Harrington and Dr. Sam Nwaobasi (in their official capacities).

**Discussion**

Accepting Plaintiff's allegations as true, the Court finds that Count 1 articulates a colorable Eighth Amendment claim against Defendant Dr. Sam Nwaobasi.

Count 2 alleges that Counselor Misty Price and Grievance Officer Lori Oakley denied Plaintiff due process when they did not properly respond to or process his grievance(s). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, by itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). *See also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of … grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Plaintiff's conclusory assertion that Price and Oakley are as much to blame for him reinjuring his neck as Dr. Nwaobasi is insufficient under the *Twombly* pleading standard to state a colorable constitutional claim. Therefore, Count 2 shall be dismissed without prejudice.

Count 3 pertains to Plaintiff's request for injunctive relief. A generous reading of the Second Amended Complaint sufficiently indicates that Count 1 alleges an ongoing Eighth

4

Amendment violation, as required under 18 U.S.C. § 3626(a)(2).  Furthermore, both Warden Harrington and Dr. Nwaobasis *may*, in their official capacities, be proper defendants for purposes of prospective injunctive relief.  *See Ex Parte Young,* 209 U.S. 123, 159–60 (1908).  Even without any allegation of specific personal involvement in the events at issue, a warden, in his official capacity, is a proper defendant for injunctive relief.  *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

**Disposition**

For the reasons stated, **COUNT 1**, alleging an Eighth Amendment violation, and **COUNT 3**, regarding injunctive relief, shall proceed against **DR. SAM NWAOBASI** and **WARDEN RICHARD HARRINGTON**.

**IT IS HEREBY ORDERED** that **COUNT 2** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice.  Defendants **MISTY PRICE** and **LORI OAKLEY** are **DISMISSED** from this action without prejudice.

**Service of Process and Procedural Directives**

As to **COUNTS 1 and 3**, which remain in the instant case, the Clerk of Court shall prepare for Defendants **DR. SAM NWAOBASI** and **WARDEN RICHARD HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated:   **March 21, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
