UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS THOMPSON,

    Plaintiff,

        v.

DR. SAM NWAOBASI, *et al.*,

    Defendants.

Case No. 12-cv-770-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes.

Thompson signed his complaint on June 18, 2012, and it was received and docketed on July 6, 2012 (Doc. 1). The Court allowed Thompson to proceed without prepayment of fees and assessed an initial partial filing fee of $7.49 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 6). The Court calculated this filing fee after considering the average monthly balance or deposits in Thompson's account for the six-month period immediately preceding the filing of the complaint (Doc. 2). Thompson began that period with a balance of $61.56. He then spent substantial sums on commissary purchases, legal postage and the library, leaving him with $31.54 in his account when he filed this lawsuit. The Court further notes that Thompson received between $4.00 and $8.00 a month for his prison job during that six-month period and $235.00 in other receipts.

On August 21, 2013, Magistrate Judge Frazier ordered Thompson to pay on or before September 23, 2013, the $7.49 initial partial filing fee assessed at the outset of this case (Doc. 55). Since that order, Thompson has not made any payments toward the initial partial filing fee. On August 28, 2013, Thompson filed an "objection" to Magistrate Judge Frazier's order in which he argues that the Court's order granting him pauper status directed the institute housing Thompson to forward the appropriate fee to the Court and that Thompson did not know this had not been done

(Doc. 57). He suggests – without offering any proof – that the institution may not have received the order or, if it did, that Thompson did not have $7.49 in his prison trust fund account and would not because of his obligation to pay a filing fee in another district. Thompson notes that he receives $8.00 per month in prison pay.

It is clear that within the six months before Thompson filed this suit and at the time he filed the suit, he was capable of paying $7.49 to the Court. Furthermore, he receives enough in pay each month to pay the entire initial partial filing fee. When he filed this case, he should have expected to be liable for this sum in light of the substantial balances in his account in the six months prior to filing suit; he could have easily calculated the initial partial filing fee (or at least a ballpark figure) based on his account history and the formula set forth in the statute. *See* 28 U.S.C. § 1915(b)(1). That Thompson made the financial decision to spend his money and not to save it to pay for this lawsuit is a decision Thompson must live with. If a prisoner's account received ample funds to pay the required fee at the required time but he spent the money on other things, the prisoner's case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1). *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012).

However, since Thompson's deadline for paying the entire initial partial filing fee has not passed, rather than dismissing this case at the present time, the Court will give Thompson a brief extension of time to pay the fee due. The Court reminds Thompson that, although the Court's order directed the institution housing him to remit the initial partial filing fee, it is Thompson's ultimate responsibility to ensure that fee is paid.

For the foregoing reasons, the Court:

- **ORDERS** that Thompson shall have up to and including October 4, 2013, to pay the entire initial partial filing fee of $7.49; and

- **WARNS** Thompson that if he does not pay the entire initial partial filing fee of $7.49 by October 4, 2013, the Court will dismiss this case without prejudice for failure to comply with 28 U.S.C. § 1915(b)(1).

**IT IS SO ORDERED.**
**DATED: September 13, 2013**

               s/J. Phil Gilbert
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**