IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:12-770-JPG-PMF |
| DR. SAM NWAOBASI, et al., | ) ) ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a Motion for Summary Judgment filed by defendant Dr. Nwaobasi (Doc. No. 129). Plaintiff has filed his own motion for summary judgment (Doc. No. 121). They will be considered together.

Plaintiff is an inmate in the Illinois Department of Corrections. Dr. Nwaobasi treated him in conjunction with his work at the Menard Correctional facility. Plaintiff claims that Dr. Nwaobasi was deliberately indifferent to his medical conditions of arthritis and morbid obesity in that he refused requests for a low bunk permit, front/double cuff permits, and a knee sleeve.

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Plaintiff is indeed obese. On July 24, 2010, he was listed as 5'10" tall and 284 pounds. Dr. Nwaobasi examined and treated Thompson on six different

occasions from April 12, 2010 through September 5, 2013. Plaintiff saw another physician and a nurse practitioner during that time as well. Plaintiff presented a number of medical concerns to Dr. Nwaobasi, including: tingling in his hands and fingers, neck stiffness, numbness in his hands, left knee pain, and shoulder pain. Dr. Nwaobasi responded to Thompson's concerns by ordering x-rays, prescribing several pain relievers, prescribing anti-inflammatory medications, prescribing a muscle relaxer, and directing plaintiff to lose weight which the doctor believed aggravated his medical conditions. Dr. Nwaobasi believed that walking as much as possible would be good for plaintiff. On one occasion, Dr. Nwaobasi ordered a front cuff permit. Despite plaintiff's complaints about the danger associated with an upper bunk assignment, there is no evidence that he has been injured getting into or out of bed.

Inmates are entitled to a level of medical treatment which does not violate the Eighth Amendment to the United States Constitution. Adequate medical care falls within that purview. *Farmer v. Brennan*, 511 U.S. 825 (1994). Plaintiff needs to prove that Dr. Nwaobasi knew that his various health problems constituted serious medical needs and that he was nevertheless deliberately indifferent. *Walker v. Benjamin*, 293 F.3d 1030 (7th Cir. 2002). That means that Dr. Nwaobasi must have ascertained a substantial risk of harm and either acted or failed to act in reckless disregard of that risk. *Id.* Failure to provide the highest level of care is not an Eighth Amendment violation, and not even medical malpractice will offend the Constitution. *Snipes v. DeTella*, 95 F.3d 586

2

(7th Cir. 1996). The Court must consider the total care provided to plaintiff, not relying on isolated incidents. *Gutierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1997).

A review of plaintiff's treatment record mandates that Dr. Nwaobasi's motion be granted. No reasonable trier of fact could conclude that the doctor ignored plaintiff's complaints or provided a level of treatment which dramatically fell below professional standards. He explored plaintiff's complaints, ordered other diagnostic testing, prescribed medicine, approved a permit and offered advice calculated to relieve plaintiff's suffering. Medications were changed and/or renewed, based on medical assessment and test results. Plaintiff disagrees with the doctor's refusal to consistently cave in to certain difficulties attendant to plaintiff's obesity. Rather, plaintiff was encouraged to lose weight, which undoubtedly precipitates many of his complaints.

For the forgoing reasons, it is recommended that defendant Dr. Nwaobasi's motion for summary judgment (Doc. No. 129) be GRANTED. It is further recommended that plaintiff's motion for summary judgment (Doc. No. 121) be DENIED.

SUBMITTED:  May 11, 2015 .

    s/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

3