IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-0770-MJR-PMF |
| | ) | |
| DR. SAM NWAOBASI, and | ) | |
| KIMBERLY BUTLER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

A. **Introduction**

Plaintiff Dennis Thompson, currently incarcerated at Menard Correctional Center ("Menard"), filed a *pro se* complaint against numerous Defendants on July 6, 2012 (Doc. 1), though it is the Plaintiff's Second Amended Complaint, filed on March 6, 2013, which is the basis of the current suit (Doc. 23). In his complaint, Plaintiff contends that Defendant Nwaobasi was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, by denying Plaintiff a front or double cuff permit, knee sleeves, and a low bunk permit (Doc. 23 at 2, 4). Additionally, the Plaintiff seeks

injunctive relief against Defendants Nwaobasi and Kimberly Butler, specifically to receive the aforementioned permits.[1]

On May 15, 2015, Plaintiff filed a motion for summary judgment (Doc. 121), which Defendant Nwaobasi responded to (Doc. 134). Defendant Nwaobasi filed his motion for summary judgment (Doc. 129) on June 6, 2014. After receiving additional time to respond, the Plaintiff responded twice: first on July 21, 2014 (Doc. 146), and again on July 24, 2014 (Doc. 148). On May 11, 2015, the Honorable Judge Philip M. Frazier, United States Magistrate Judge, submitted a Report and Recommendations ("R&R"), recommending that the Court grant the Defendant's motion for summary judgment and deny the Plaintiff's motion for summary judgment (Doc. 173). Plaintiff filed a timely objection on May 27, 2015 (Doc. 177), along with a supplemental exhibit (Doc. 181). On July 20, 2015, pursuant to the Court's Administrative Order 173, the case was reassigned to the undersigned District Judge, with the cross-motions for summary judgment and R&R pending (Doc. 185).

Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Frazier's recommendations, receive further evidence, or recommit the

---

[1] Plaintiff's claim for injunctive relief was originally raised against then Warden Richard Harrington. Kimberly Butler was later substituted (Docs. 118 and 127). Additionally, Plaintiff raised a third claim against Defendants Price and Oakley; this was denied on threshold review (Doc. 24 at 4).

matter with instructions. *Id.* For the reasons stated below, the Court **ADOPTS** Magistrate Judge Frazier's recommendations in their entirety.

### B. Background Information

In his complaint, Plaintiff states that he suffers from knee, shoulder, and degenerative cervical spinal arthritis, and notes that he is obese, weighing approximately 300 pounds (Doc. 23 at 4). The conditions allegedly cause chronic pain which is exacerbated by the use of single cuffs behind his back (*Id.*). Plaintiff contends that "for approximately two years" he has conveyed his issues to Defendant Nwaobasi, seeking either a front or double-back cuff permit, knee sleeves, and a bottom bunk permit (*Id.*). He states that Nwaobasi replied that the permits would promote laziness and denied them to the Plaintiff (*Id.*).

Plaintiff persisted, and again asked for a permit on January 6, 2012, stating that continued use of a single cuff would cause neck injuries, which the Plaintiff contends occurred on January 13, 2012, after the Defendant denied him the permits (*Id.* at 4-5). According to the complaint, Nwaobasi repeatedly told the Plaintiff that if he lost weight, the cuffs would not hurt so much and his chronic pain would be lessened (*Id.* at 5). Plaintiff ultimately received a medical cuff permit from another doctor "after [he] had repeatedly been subjected to unnecessary excessive force and injured in hand cuffs." (*Id.*).

Defendant Nwaobasi, in his motion for summary judgment, presented evidence demonstrating that the Plaintiff was seen by multiple occasions:

- On April 12, 2010, Plaintiff complained of tingling in his hands and fingers, indicative of peripheral neuropathy, and received a medication to treat the condition (Doc. 130 at 2).

- On May 24, 2010, Plaintiff complained of stiffness in his neck, numbness in his hands, and pain in his knee (*Id*.).  X-rays were ordered for his spine and knee, and the Plaintiff was prescribed an anti-inflammatory and a muscle relaxant (*Id*.).

- On July 24, 2010, Plaintiff was diagnosed with mild arthritis in his knee and spine, and both prescriptions were renewed (*Id*.).  The Defendant advised that the Plaintiff should lose weight to help alleviate his current symptoms and prevent worsening of his pain.  (*Id*.).

- On January 6, 2012, Plaintiff complained of stiffness and pain (*Id*. at 3).  Both prescriptions were renewed, and the Defendant added Neurontin to treat the Plaintiff's neuropathic pain (*Id*.).

- On February 16 2012, Plaintiff saw Dr. Shearing, who issued a one-year permit for a double cuff (*Id*.).  Plaintiff stated that he had been injured while single cuffed on or around January 13, 2012 (*Id*.)

- X-rays ordered by Nurse Practitioner Criss on April 16, 2012 showed no change in the Plaintiff's spine, but did not "mild to moderate osteoarthritis" in the Plaintiff's right shoulder (*Id*.).  This second diagnosis resulted in Nwaobasi ordering a front cuff permit for one year (*Id*.).

- Nwaobasi renewed the Plaintiff's pain medications on September 5, 2013, but has not seen the Plaintiff since that date (*Id*. at 3-4).

In Plaintiff's response to the Defendant's summary judgment motion, and in his own motion, Plaintiff's facts generally agree with those of the Defendant, differing only on whether Defendant Nwaobasi's actions qualify as deliberate indifference.  In his

motion, Plaintiff states that on January 6, 2012, Nwaobasi said, "in a semi-agitated voice 'I've already told you I'm not issuing you those permits.  I told you to lose weight and the cuffs would not hurt you so much, you haven't lost a pound.  Those permits promote laziness and you need to be climbing up and down from the top bunk as much as possible, it's probably the only exercise your [sic] getting' " (Doc. 121 at 4).

C. <u>**Legal Standards**</u>

**1. Summary Judgement**

Summary Judgment is proper only "if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Dynegy Mktg. & Trade v. Multi Corp.*, **648 F.3d 506, 517 (7th Cir. 2011) (internal quotation marks omitted) (citing** FED. R. CIV. P. **56(a)).**  *See also Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, **422 F.3d 603, 607 (7th Cir. 2005).**  The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits, and/or information obtained via discovery—the lack of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).**

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986) (quoting** FED. R. CIV. P. **56(e)(2)).**  A fact is material if it is outcome determinative under applicable law.

*Anderson*, 477 U.S. at 248; *Ballance v. City of Springfield, Ill. Police Dep't*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  "A mere scintilla of evidence in support of the nonmoving party's position is not sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013), citing *Ptasznik v. St. Joseph Hospital*, 464 F.3d 691, 694 (7th Cir. 2006).  *See also Anderson*, 477 U.S. at 252.

On summary judgment, the Court considers the facts in the light most favorable to the non-movant.  *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009).  The Court adopts reasonable inferences and resolves doubts in the non-movant's favor.  *Id.; Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull (Spiegla I)*, 371 F.3d 928, 935 (7th Cir.2004), *abrogated on other grounds by Spiegla v. Hull (Spiegla II)*, 481 F.3d at 966 (7th Cir.2007).  *See also Anderer v. Jones*, 385 F.3d 1043, 1064 (7th Cir.2004).

Little changes when cross-motions for summary judgments are involved.  *United States v. P.H. Glatfelter Co.*, 768 F.3d 662, 668 (7th Cir. 2014); *Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013).  With cross-motions for summary judgment, the Court looks "to

the burden of proof that each party would bear on an issue of trial" and will "require that party to go beyond the pleadings and affirmatively to establish a genuine issue of material fact." *Diaz v. Prudential Ins. Co. of America*, **499 F.3d 640, 643 (7th Cir. 2007), citing** *Santaella v. Metropolitan Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997).**

### 2.   Deliberate Indifference

The Supreme Court has declared that a prison official's "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, **429 U.S. 97, 104 (1976), quoting** *Gregg v. Georgia*, **428 U.S. 153, 173 (1976).**  In order to prevail on such a claim, a plaintiff must first show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, **414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).**

The second prong of the deliberate indifference analysis requires that a prisoner show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference.  "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, **429 U.S. at 104, quoting** *Gregg*, **428 U.S. at 173).**  Put another way, the plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that

inference.  *Greeno*, **414 F.3d at 653.**   "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  *Farmer v. Brennan*, **511 U.S. 825, 842 (1994) (citations omitted).**   An inmate does not have to prove that his complaints of pain were "literally ignored," but only that "the defendants' responses to it were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs."  *Hayes v. Snyder*, **546 F.3d 516, 524 (7th Cir. 2008), quoting** *Sherrod v. Lingle*, **223 F.3d 605, 611 (7th Cir. 2000)).**

The Seventh Circuit has noted that the standard is "a high hurdle . . . because it requires a 'showing as something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'"  *Roasrio v. Brawn*, **670 F.3d 816, 821-22 (7th Cir. 2012), quoting** *Collins v. Seeman*, **462 F.3d 757, 762 (7th Cir. 2006)).**   "Even if the defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'"  *Gayton v. McCoy*, **593 F.3d 610, 620 (7th Cir. 2010) (quoting** *Farmer*, **511 U.S. at 843).**

### D. <u>Application</u>

This case can be easily summarized as a different of opinion between the Plaintiff and Defendant Nwaobasi as to what accommodations he is entitled, based upon his

chronic health care conditions.  It should be noted at the outset that a prisoner is not entitled to either unqualified health care access, or to specific care, under the Eighth Amendment.  *Johnson v. Doughty*, **433 F.3d 1001, 1013 (7th Cir.2006);** *Forbes v. Edgar*, **112 F.3d 262, 267 (7th Cir.1997).**

Based upon the ample record before the Court, it is obvious that the Plaintiff is obese, or at least was on July 24, 2010, where he was listed at 5'10" and 284 pounds (Doc. 130-1 at 2), and nearly 300 pounds at the time of filing.  It is also obvious that the Plaintiff suffers from a number of medical conditions, resulting in pain in his knees, shoulder, back and neck.  Whether these two facts are related to one another is beyond the scope of the Court's current inquiry, but it suffices to say that the Plaintiff's medical needs are sufficient to satisfy the first prong of deliberate indifference.  *See, e.g., Ray v. Wexford Health Sources, Inc.,* **706 F.3d 864, 866 (7th Cir. 2013);** *Norfleet v. Webster,* **439 F.3d 392, 395 (7th Cir. 2006).**

However, the second prong – the demonstration of actual deliberate indifference by the Defendant – is beyond his grasp.  Over the course of three years, the Plaintiff was seen no less than seven times by medical staff, including five times by the Defendant. He was evaluated each time, and received several different prescriptions to provide analgesia, relax muscles, and treat neuropathy.  Several x-rays were ordered to evaluate the areas causing the Plaintiff pain.  He received a one-year front cuff permit based upon the evaluation of those x-rays.  In short, the Plaintiff was being treated for his

arthritis and related pain, and receiving a level of treatment sufficient to demonstrate a lack of deliberate indifference.  *See, e.g., Ray*, **706 F.3d at 866 (physician's continued treatment, including evaluations, x-rays, pain medication, and accommodations is not deliberate indifferent).**  Though it is clear that the treatment regimen differed from the course Plaintiff would have preferred, this is not the applicable standard.

### E.  Conclusion

For the reasons stated above, the Court concludes that the Plaintiff cannot demonstrate deliberate indifference of Defendant Nwaobasi.  As a result, the Court **REJECTS** Plaintiff's objections (Doc. 177), **ADOPTS** Magistrate Judge Frazier's Report and Recommendation in its entirety (Doc. 173), **GRANTS** the Defendant's motion for summary judgment (Doc. 129), and **DENIES** Plaintiff's motion for summary judgment (Doc. 121).  Further, without a finding on the merits, Plaintiff's claim for injunctive relief with regard to Defendant Nwaobasi must also be **DENIED**.  Defendant Nwaobsai is terminated from the case.

**IT IS SO ORDERED.**

DATED:        **August 23, 2015**

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court
